IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J.R. WILKERSON AKA
ADONAI M. EL-SHADDAI,

       Plaintiff,                  No. CIV S-05-2482 LKK DAD P

  vs.

JEANNE WOODFORD, et al.,

       Defendants.         ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se with a civil action that was filed in the Lassen County Superior Court on September 13, 2005. The action was served on defendant Woodford, who removed the case from Lassen County Superior Court pursuant to a Notice of Removal filed on December 2, 2005. Defendant's payment of the filing fee was entered on the docket on December 7, 2005. On December 15, 2005, defendant filed an Amended Notice of Removal. The proceeding has been referred to the undersigned pursuant to Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        A plaintiff objecting to removal "on the basis of any defect other than lack of subject matter jurisdiction" must file, within thirty days after the notice of removal is filed, a motion for remand to state court. 28 U.S.C. § 1447(c). See Caterpillar Inc. v. Lewis, 519 U.S. 61, 69-73 (1996). In the present case, plaintiff did not move for remand but objected to removal

1

1  on the ground that he is prohibited by 28 U.S.C. § 1915(g) from bringing actions in forma
2  pauperis in federal court.  Plaintiff did not bring this action pursuant to 28 U.S.C. § 1915(a), and
3  defendant has paid the filing fee.  Plaintiff's objection is therefore overruled, and the court will
4  screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) (requiring the district court to
5  review the complaint in every civil action in which a prisoner seeks redress "from a
6  governmental entity or officer or employee of a governmental entity").

7          The court must dismiss a complaint or claims within the complaint if a prisoner
8  has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which
9  relief may be granted, or that seek monetary relief from a defendant who is immune from such
10 relief.  See 28 U.S.C. § 1915A(b)(1) and (b)(2).  A claim is legally frivolous when it lacks an
11 arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin
12 v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a
13 complaint or a claim as frivolous where it is based on an indisputably meritless legal theory or
14 where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry
15 is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual
16 basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17         A claim should be dismissed for failure to state a claim upon which relief may be
18 granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the
19 claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);
20 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  For
21 purposes of screening a complaint under this standard, the court accepts as true the allegations of
22 the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The
23 court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in
24 the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25         Here, plaintiff filed his complaint in state court as a personal injury action.
26 Attached to the state court form is a handwritten complaint titled "Intentional and Negligence

1  Tort Claim." The named defendants are Jeanne Woodford, Director, Department of Corrections;
2  D.L. Runnels, Warden, High Desert State Prison (HDSP); H. Wagner, Appeals Coordinator,
3  HDSP; Baker, Correctional Officer, HDSP; McCulley, Correctional Officer, HDSP; and an
4  unnamed correctional officer at HDSP. Plaintiff describes his claim as one for "intentional gross
5  negligence" and "deliberate endangerment" by defendants in discharging their duties pursuant to
6  departmental policies.

7  Plaintiff's claim arises from his transfer in 2004 from HDSP's B Facility (a "270
8  design" facility) to HDSP's D Facility (a "180 Design," i.e., higher security, facility). Plaintiff
9  alleges that he is a non-affiliated black inmate, that defendant Runnels approved the transfer
10 without a hearing at a time when black gang members and Northern Mexican gang members
11 were at war, that the transfer placed plaintiff in a hostile environment that posed a serious threat
12 to his safety, and that he was the victim of an assault in the higher security facility.

13 Citing state regulations, plaintiff alleges that every determination affecting an
14 inmate's placement within an institution, facility, or program must be made by a classification
15 committee, that any determination which may have an adverse effect on the inmate shall be made
16 only after a hearing, that the inmate must be given at least 72 hours notice of the hearing, and that
17 "adverse effect" is defined to include an involuntary transfer to another institution or facility
18 without regard to whether the inmate's placement score is consistent with the security of the
19 receiving institution or facility. Plaintiff asserts that there is no factor that excludes him from
20 being housed in a 270 design institution or facility.

21 On September 7, 2004, plaintiff filed an inmate appeal concerning his transfer.
22 Defendant Wagner rejected the appeal on the grounds that plaintiff is a Level IV inmate, a Level
23 IV inmate can be housed in a Level IV facility in a 270- or 180-design building, and plaintiff did
24 not show that the design of the building adversely affected his welfare. When plaintiff
25 resubmitted the appeal, defendant Wagner rejected it on the ground that plaintiff had abused the
26 appeal process. Plaintiff filed a new appeal alleging denial of the right to redress for deprivation

of rights. Defendant Wagner refused to process the appeal on the ground that plaintiff failed to demonstrate how the design of the facility affected his welfare. Plaintiff forwarded the appeal to the warden, but the appeal was returned by defendant Wagner with a reference to the previous appeal. On October 31, 2004, plaintiff sent both appeals to the Chief of Inmate Appeals, but those appeals were returned to plaintiff in January 2005.

Plaintiff's allegations concerning the assault are as follows: plaintiff was in the treatment center on January 6, 2005; he was placed in a holding tank with two other black inmates; defendants Baker and McCulley brought a Northern Mexican gang member to the same holding tank; as soon as the door was opened, the Northern Mexican gang member attacked plaintiff, who was sitting next to the door; another officer responded to the alarm. Plaintiff contends that he would not have had any contact with the 180-design inmate if he had been appropriately housed in a 270-design facility. On January 16, 2005, plaintiff filed an inmate appeal blaming the assault on defendant Runnels' decision to transfer him from a 270-design facility to a 180-design facility, where he was assaulted by a gang member due to staff negligence. Plaintiff sought damages and a transfer to a Southern California Level III institution by override of his Level IV classification.

Plaintiff asserts the following legal claims: (1) deprivation of his Fourteenth Amendment rights to due process and to rights and privileges accorded to other inmates; (2) deprivation of his First Amendment right to petition for redress of grievances; and (3) violation of his Eighth Amendment right not to be subjected to cruel and unusual punishment without due process under the Fourteenth Amendment. Plaintiff seeks a declaratory judgment regarding defendants' violations of plaintiff's rights; an injunction requiring defendant Woodford to transfer plaintiff to a Level III 270 design prison in Southern California; an order requiring defendant Runnels to comply with state regulations; compensatory damages in the amount of $10,000 from each defendant; and punitive damages in the amount of $50,000 from defendant Runnels.

Defendant Woodford removed plaintiff's action to federal court on the ground that plaintiff's claims arise under 42 U.S.C. § 1983 and this court has original jurisdiction over the claims under 28 U.S.C. § 1331.  Plaintiff does not dispute defendant Woodford's ground for removal.  The court's summary of plaintiff's allegations and claims shows that, although plaintiff presented his case as one for personal injury arising out of "intentional gross negligence," his legal claims are grounded on federal constitutional rights.

The Civil Rights Act under which this action arises provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff seeks relief under the First, Eighth, and Fourteenth Amendments.  The First Amendment guarantees several rights, including the right to petition the government for a redress of grievances.  The right to petition for redress extends to the administrative arms and units of government, including prisons.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Although inmates have no constitutional entitlement to a prison grievance procedure, they have a right to access any grievance procedure that has been established for prisoners.  Id.

In California, an inmate may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  Each institution is required to designate an appeal coordinator "who

shall prior to acceptance for review screen and categorize" each appeal for compliance with the regulations applicable to inmate appeals. Cal. Code Regs. tit. 15, § 3084.3(a). An appeal may be rejected, among other reasons, for lack of jurisdiction over the appeal issue and for duplicating a previous appeal upon which a decision has been rendered or is pending. Cal. Code Regs. tit. 15, § 3084.3(c) (1) and (2). Appeals that are not screened out usually progress through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5.

The allegations of plaintiff's complaint and his exhibits reveal that plaintiff's first inmate appeal concerning his transfer from Facility B to Facility D was submitted on September 7, 2004, months prior to the assault in Facility D. Plaintiff asserted that he should have received a hearing before he was involuntarily transferred. He demanded a return to Facility B and damages. In the screening form dated September 9, 2004, defendant Wagner indicated that plaintiff did not demonstrate how his appeal issues affected his welfare. Defendant Wagner noted that plaintiff is a Level IV inmate housed in a Level IV facility, that plaintiff did not demonstrate how the design of the building adversely affects his welfare, and that a Level IV 270-design inmate may be housed in a Level IV 180-design facility.

The regulation cited by plaintiff does not support his claim of entitlement to a hearing. Although the regulation provides that "[e]ach determination affecting an inmate's placement within an institution/facility, transfer between facilities, program participation, privilege groups, or custody designation shall be made by a classification committee," the regulation does not state that a hearing is required for every classification decision. Cal. Code Regs. tit. 15, § 3375(c). A hearing is required, with written notice to the prisoner at least 72 hours in advance, when the classification committee's determination could have an adverse effect on the inmate. Cal. Code Regs. tit 15, § 3375(f). For purposes of § 3375. there are only seven effects that will qualify as adverse:

> (A) Involuntary transfer to a higher security level institution/facility, which is not consistent with the inmate's placement score.

        (B) Increase in the inmate's custody designation.

        (C) Involuntary placement in segregated housing.

        (D) Involuntary removal from an assigned program.

        (E) Placement in a reduced work group.

        (F) Involuntary transfer to another institution/facility because of the inmate's behavior or receipt of new information that may affect staff, inmates, the public, or the safety and security of the institution/facility, whether or not his/her placement score is consistent with the receiving institution's/facility's security level.

        (G) Transfer of an inmate to a more restrictive institution or program where the security level is higher.

Id. at § 3375(f)(1). The regulation makes no mention of facility design configurations.

        Defendant Wagner rejected plaintiff's inmate appeals due to plaintiff's failure to show that the transfer decision had an adverse effect on plaintiff's welfare. The rejection of plaintiff's inmate appeals appears to be supported by applicable regulations. Plaintiff's allegations do not establish that plaintiff was denied access to the grievance procedures established for prisoners in California.

        The First Amendment right to seek redress also includes the right of access to the courts. Prisoners must be given "'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). An inmate who alleges denial of or interference with his right of access to the courts must allege an actual injury. Lewis, 518 U.S. at 349; Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994). "Actual injury" means a "specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

        Plaintiff has not alleged any injury to his right of access to the courts. All of plaintiff's First Amendment claims are legally and factually frivolous and fail to state any claim upon which relief can be granted. These claims must be dismissed.

        The Eighth Amendment imposes on prison officials a duty to provide humane conditions of confinement; under this duty, prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee the safety of inmates. See Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). It is the "unnecessary and wanton infliction of pain" that constitutes cruel and unusual punishment forbidden by the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." 475 U.S. at 319.

        In order to state a claim of cruel and unusual punishment, a plaintiff must allege facts that satisfy a two-part test. First, the plaintiff must show that objectively he suffered a sufficiently serious deprivation. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, the allegations of the pleading must show that all defendants had a culpable state of mind in allowing plaintiff's deprivation to occur. See id. at 299. Mere negligence is insufficient, and the plaintiff must allege facts showing that the defendants acted with deliberate indifference. See id. A prison official will be liable under the Eighth Amendment for failure to protect an inmate only if "the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

        Here, plaintiff has not alleged facts demonstrating that any defendant knew of and disregarded an excessive risk to his safety at the time of his transfer to Facility D in September 2004. In addition, plaintiff has affirmatively alleged that defendants Baker and McCulley acted negligently on January 6, 2005, when they opened the door of the holding tank where plaintiff

and two other black inmates had been placed and allowed a Northern Mexican gang member to enter the tank. Plaintiff has not alleged facts demonstrating that defendant Runnels could have foreseen the negligence of two correctional officers in 2005 when he approved plaintiff's transfer to Facility D in September 2004. Plaintiff has not alleged facts establishing that he suffered a sufficiently serious deprivation or that any defendant acted with the requisite state of mind. Plaintiff's Eighth Amendment claims are legally and factually frivolous and fail to state a claim upon which relief can be granted. These claims must be dismissed.

Under the Fourteenth Amendment, an inmate may not be deprived of a protected liberty interest without due process. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Toussaint v. McCarthy, 801 F.2d 1080, 1099 & n.18 (9th Cir. 1986). States may create liberty interests that are protected by the Due Process Clause of the federal constitution, but those interests are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Even when a state law or regulation creates a protected liberty interest, inmates have no federal constitutional right to the particular procedures established by state law. Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir. 1986).

The plaintiff in this case has not shown he was denied any process due under the Due Process Clause of the Fourteenth Amendment or that he was entitled to a hearing under state regulations. Nor has plaintiff shown that he was denied a right or privilege accorded to all similarly situated inmates. All of plaintiff's Fourteenth Amendment claims are legally and factually frivolous and fail to state any claim upon which relief can be granted. These claims must be dismissed.

The undersigned has determined that all of plaintiff's claims must be dismissed. Although it does not appear that plaintiff can cure the defects of any claim, the court will grant leave to amend. If plaintiff chooses to file an amended complaint, his amended complaint must link each defendant to the deprivation of a constitutional right. See Ellis v. Cassidy, 625 F.2d

227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983 unless there is an affirmative link or connection between each defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court cannot refer to the original complaint in order to make plaintiff's amended complaint complete. Any amended complaint must be complete in itself without reference to or incorporation of prior pleadings. See E.D. Cal. Local Rule 15-220. As a general rule, an amended complaint supersedes the prior complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, just as if it were the first complaint filed in the action, each defendant must be listed in the caption of the pleading, and each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find exceptional circumstances. Plaintiff's motion for appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant Woodford's December 15, 2005 request to clarify that the case removed from Lassen County Superior Court is Case No. 41956 is granted;

2. Defendant Woodford's December 16, 2005 request for extension of time is granted, and defendant Woodford is relieved of the obligation to respond to the complaint that was removed from state court or to any amended complaint filed in this action unless the court orders a response;

3. Plaintiff's April 12, 2006 motion for appointment of counsel is denied;

4. Plaintiff's complaint is dismissed with leave to amend; and

5. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and this order; plaintiff's amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to submit an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: November 14, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
wilk2482.14r