1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   J. R. WILKERSON AKA
     ADONAI M. EL-SHADDAI,
11
                 Plaintiff,              No. CIV S-05-2482 LKK DAD P
12
            vs.
13
     JEANNE WOODFORD, et al.,
14
                 Defendants.             ORDER
15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court are plaintiff's motions to compel discovery.

18                    **PLAINTIFF'S MOTION TO COMPEL INTERROGATORIES**

19   I.  Plaintiff's Motion

20          On March 4, 2010, plaintiff filed a motion to compel responses to interrogatories

21   (set one) from defendant Runnels.  In his motion, plaintiff argues that defendant has deliberately

22   delayed answering those interrogatories.  In addition, plaintiff argues that the answers defendant

23   Runnels has provided are incomplete.  Accordingly, plaintiff requests a court order compelling

24   defendant Runnels to "fully answer" his interrogatories.  Plaintiff also seeks $250 in sanctions.

25   (Pl.'s Mot. to Compel Interrog. at 1-2.)

26   /////

1

II. <u>Defendant's Opposition</u>

In opposition to plaintiff's motion to compel, defendant Runnels argues that he has fully answered plaintiff's interrogatories.  Defendant argues further that his objections posed to plaintiff's interrogatories are also well-grounded.  In support of his argument, defendant Runnels has attached to his opposition a copy of plaintiff's interrogatories, defendant's responses, and an explanation as to why each response and objection is satisfactory.  Defendant concludes that plaintiff, in contrast, has failed to set forth which interrogatory response plaintiff has deemed deficient and the reasons why he believes the response to be deficient as required. (Def.'s Opp'n to Pl.'s Mot. to Compel Interrog. at 1-9.)

III. <u>Plaintiff's Reply</u> [1]

In reply, plaintiff restates each of his interrogatories submitted to defendant Runnels, provides defendant's response to each, and explains why he believes defendant has deliberately failed to fully respond to each interrogatory.  In this regard, plaintiff for the most part accuses defendant of "an exquisitely contrived chicanery of tautology, technicality, [and] inconsistency which has maximized dely and [the] denial of justice without substantial justification, and is a strain on the court's resources.  Defendant has knowingly and willfully given a false and deceptive answer . . . ."  In several instances, plaintiff also references provisions of the California Code of Regulations, which he appears to believe contradict defendant's responses.  (Pl.'s Mot. to Strike at 1-8.)

IV. <u>Discussion</u>

Plaintiff's motion to compel further interrogatory responses from defendant Runnels will be denied.  Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a motion to compel may be brought "[i]f a party fails to make a disclosure required by Rule 26(a)" or

---

[1] On April 9, 2010, plaintiff filed a "motion to strike defendant Runnel's opposition to plaintiff's motion to compel . . . interrogatories." (Doc. No. 40.)  The court has construed this document to be plaintiff's untimely reply in support of his motion.

replies to a discovery request with an "evasive or incomplete disclosure, answer, or response." Here, the court finds that the responses by defendant Runnels to plaintiff's interrogatories are not incomplete or evasive.  Although defendant's responses do not mirror the language of the California Code of Regulations, defendant has provided substantive responses where appropriate. Moreover, plaintiff has failed to specify how defendant's responses are deficient or what additional information he seeks.  Finally, the court finds defendant's objections justified. Plaintiff's interrogatories, in many instances, are vague, contain compound questions, and often phrased in a way that appears intended to force defendants to admit liability by answering.

The court will also deny plaintiff's request for $250.00 in sanctions.  As explained above, defendant Runnel's responses to plaintiff's interrogatories (set one) are sufficient and his objections are well-taken.  In addition, defendant's responses were timely served.  Under these circumstances, the court finds that plaintiff's request is unwarranted.  <u>See</u> Fed. R. Civ. P. 37.

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (SET ONE)**

I. <u>Plaintiff's Motion</u>

On March 4, 2010, plaintiff filed a motion to compel the production of documents (set one) from defendant Runnels.  Therein, plaintiff again argues that defendant has deliberately delayed in complying with his discovery obligations.  Plaintiff argues in this regard that defendant has failed to provide a timely response to the request for production of documents (set one) despite being granted several extensions of time by the court to do so.  Accordingly, because defendant failed to timely respond to this discovery request, plaintiff seeks $250.00 in sanctions. (Pl.'s Mot. to Compel Docs. Set One at 1-2.)

II. <u>Defendant's Opposition</u>

In opposition to plaintiff's motion to compel, counsel for defendant Runnels declares that he inadvertently failed to draft responses to plaintiff's request for the production of documents (set one) for defendant Runnels.  Counsel explains further that plaintiff's request was, for some reason, not electronically filed in the Attorney General's computer system.  Despite this

1   initial oversight, defense counsel has now served plaintiff a copy of defendant Runnel's response

2   to plaintiff's request for documents (set one).  (Def.'s Opp'n to Pl.'s Mot. to Compel Docs. Set

3   One at 1-3, Attach.)

4   III.  <u>Discussion</u>

5          The court will deny plaintiff's motion to compel responses to his request for

6   production of documents (set one) as moot.  The court has reviewed defendant Runnel's response

7   to plaintiff's request for production of documents and it appears that defendant has made a good-

8   faith effort to provide the documents requested.  In addition, the court will not impose sanctions

9   on defense counsel due to defendant's belated production.  It appears that inadvertent error led to

10  defense counsel's late response to plaintiff's request for production of documents.  Moreover,

11  upon discovering the error, defense counsel promptly produced the requested documents.  In this

12  regard, defense counsel has not created an impediment to plaintiff prosecuting this case, and

13  therefore the imposition of sanctions would be unjust.  <u>See</u> Fed. R. Civ. P. 37(b).

**PLAINTIFF'S MOTION TO COMPEL DOCUMENTS (SET TWO)**

15  I.  <u>Plaintiff's Motion</u>

16         On March 4, 2010, plaintiff filed a motion to compel the production of documents

17  (set two) from defendant Runnels.  In his motion, plaintiff repeats that defendants have delayed

18  in providing responses to his discovery requests.  Plaintiff also appears to argue that defendant

19  Runnel's responses to his request for documents (set two) are insufficient.  Accordingly, plaintiff

20  seeks $250.00 in sanctions.  (Pl.'s Mot. to Compel Docs. Set Two at 1-2, Attach.)

21  II.  <u>Defendant's Opposition</u>

22         In opposition to plaintiff's motion to compel, defendant Runnels argues that he

23  responded to plaintiff's discovery request to the best of his ability and in a timely fashion.

24  Defendant notes that plaintiff's requests are either vague or they rest on false assumptions.

25  Moreover, defendant explains that the documents plaintiff has requested cannot be produced

26  because they do not exist.  (Def.'s Opp'n to Pl.'s Mot. to Compel Docs. Set Two at 1-6.)

4

III.  <u>Discussion</u>

Plaintiff's motion to compel further responses to his second request for production of documents will also be denied.  As the moving party in a motion to compel, plaintiff bears the burden of describing in what way the defendant's response to his discovery request is inadequate. <u>See</u>, <u>e.g.</u>, <u>Brooks v. Alameida</u>, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); <u>Ellis v. Cambra</u>, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").  Here, plaintiff has failed to articulate in what way defendant's objections are unjustified, why he believes the documents he has sought exist despite defendant's assertion to the contrary, and how the requested documents are relevant to this case. Accordingly, the court will deny plaintiff's motion, as well as the accompanying request for sanctions.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's March 4, 2010 motion to compel interrogatory responses from defendant Runnels and request for sanctions (Doc. No. 32) is denied;

2.  Plaintiff's March 4, 2010 motion to compel the production of documents (set one) and request for sanctions (Doc. No. 33) is denied;

3.  Plaintiff's March 4, 2010 motion to compel the production of documents (set two) and request for sanctions (Doc. No. 34) is denied; and

/////

/////

/////

4.  Plaintiff's April 9, 2010 motion to strike (Doc. No. 40) is denied as having been rendered moot.

DATED: August 6, 2010.

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
wilk2482.mtcs